NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1265

POWEROASIS, INC.
and POWEROASIS NETWORKS, LLC,

Plaintiffs-Appellants,

v.

T-MOBILE USA, INC.,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -
2007-1307

POWEROASIS, INC.
and POWEROASIS NETWORKS, LLC,

Plaintiffs-Appellees,

v.

T-MOBILE USA, INC.,

Defendant-Appellant.

ON MOTION

Before RADER, SCHALL, and BRYSON, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

<u>O R D E R</u>

PowerOasis, Inc. and PowerOasis Networks, LLC (PowerOasis) move to dismiss

T-Mobile USA, Inc.'s contingent cross-appeal.  T-Mobile opposes.  PowerOasis replies.

PowerOasis filed a complaint in the United States District Court for the District of New Hampshire against T-Mobile alleging patent infringement. After the district court issued its Markman order, PowerOasis moved for summary judgment of infringement. T-Mobile opposed and moved for summary judgment of noninfringement and invalidity on 35 U.S.C. § 102(b) grounds.

On March 30, 2007, the district court granted T-Mobile's motion for summary judgment of invalidity, rejecting PowerOasis's assertion that the claims-in-suit were entitled to the priority date of the original parent application. In doing so, the district court construed "customer interface" to determine that the subject matter claimed in the claims-in-suit extended beyond what was claimed in PowerOasis's original application. Because the district court decided the case on invalidity, it did not address either PowerOasis's motion for summary judgment of infringement or T-Mobile's motion for summary judgment of noninfringement. The district court entered its judgment.

PowerOasis appealed. T-Mobile then filed a cross-appeal from the March 30, 2007 order "contingent upon the Federal Circuit not affirming the District Court's grant of summary judgment of invalidity." Specifically, T-Mobile seeks a contingent review of the district court's construction of "customer interface," noting the relevance of the issue on the parties' unresolved motions regarding infringement. T-Mobile further argues that allowing the cross-appeal and resolving the claim construction issue on appeal would avoid potential unnecessary litigation below, particularly in light of an alleged conflicting claim construction of "customer interface" in a separate case involving the same patent.

PowerOasis moves to dismiss T-Mobile's cross-appeal. We agree that the

2007-1265, -1307                                2

cross-appeal is improper and should be dismissed.

It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or lessen the rights of its adversary under the judgment.  Bailey v. Dart, 292 F.3d 1360, 1362 (Fed. Cir. 2002) (citing United States v. Am Ry. Express Co., 265 U.S. 425, 435 (1924).  Here, the district court's judgment is limited to validity and a ruling on infringement would not enlarge T-Mobile's rights under that judgment or lessen PowerOasis's rights.  Thus, a cross-appeal to challenge unresolved infringement issues is not proper.

Accordingly,

IT IS ORDERED THAT:

(1)     PowerOasis's motion is granted.  T-Mobile's cross-appeal is dismissed.

(2)     Each side shall bear its own costs in 2007-1307.

(3)     The revised official caption is reflected above.

FOR THE COURT

  Sept. 28, 2007  
                Date

  /s/ William C. Bryson  
              William C. Bryson
              Circuit Judge

cc:    Sibley P. Reppert, Esq.
        William F. Lee, Esq.
s19

ISSUED AS A MANDATE (As to 2007-1307 only): _____

2007-1265, -1307                3